■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT CORNELIUS PINELLI, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 1, 1963 after a jury trial, convicting him of robbery in the first degree and imposing sentence upon him as a

second felony offender. Judgment affirmed. The first count of the indictment accused the appellant and one Gambetta of the crime of robbery in the first degree committed as follows: On September 1, 1962 the two named defendants, aiding each other and each being the accomplice of the other, being armed with a dangerous weapon, to wit, a pistol, did unlawfully take property of the value of $215, in the lawful care and custody of the complainant, against his will, by means of force and violence, and fear of immediate injury to his person. The appellant was tried without his codefendant as a result of a psychiatric examination of the codefendant. The trial court submitted only the first count of the indictment to the jury and the jury found the appellant guilty as charged. The basic issue on the trial was that of identification. There was ample evidence to justify a jury finding that, on September 1, 1962, the appellant, armed with a pistol and aided by an accomplice, committed a holdup in the complainant's store in Queens County. There is an issue as to whether the appellant's trial was unjustly prejudiced by the receipt in evidence of a pistol allegedly incompetent as proof of the People's case but implicating him with a subsequent and unrelated offense, to wit, the possession of a pistol in New York County. The complainant testified that the appellant had the gun during the holdup. The gun was larger than the ordinary size. It was sort of steel gray. He had seen pictures of Lugers previously and it appeared to be a Luger. He could not say whether the weapon shown to him on the trial was the weapon used during the holdup but " this was the appearance of the gun." The arresting officer testified that he arrested the appellant in New York County on September 6, 1962 and found a loaded, automatic pistol strapped to his belt and that the pistol was a .38 calibre, automatic pistol, a " German type gun called a Grissheist (phonetic) or Grieshurst (phonetic) ". The pistol was received in evidence over the appellant's objection. In our opinion, the receipt of the pistol in evidence did not constitute reversible error (*People* v. *Mancini,* 6 N Y 2d 853; *People* v. *Trombino,* 238 App. Div. 61, affd. 262 N. Y. 689; 22A C.J.S., Criminal Law, § 712; *People* v. *Ferdinand,* 194 Cal. 555). The complainant's failure positively to identify the weapon and the time interval between the commission of the crime and the appellant's arrest went to the weight or probative force of the evidence rather than to the admissibility of the weapon (22A C.J.S., Criminal Law, § 712). It is our view that *People* v. *Miller* (22 A D 2d 958) is distinguishable since in that case the weapon was merely described as a " little on the shiny side, with a black handle ". In any event, the proof of guilt of the appellant herein was clear and convincing (Code Crim. Pro., § 542). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.