■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERCULES RANDOLPH, Appellant.— Judgment, Supreme Court, Bronx County, rendered on April 6, 1971, convicting defendant of the crimes of robbery in the first degree and assault in the second degree should be affirmed. The complainant, 74 years of age, on June 27, 1970 at 11:00 P.M. left his apartment to purchase milk at a nearby grocery at or about 183rd Street and Park Avenue, Borough of the Bronx. Defendant and his accomplice accosted the complainant. The accomplice placed a gun against complainant's chest and demanded his money. After receiving the contents of complainant's wallet consisting of a five-dollar bill and three singles, they repeatedly struck him "with something heavy" on his head and face and dislodged his bifocal eyeglasses. Within minutes a police patrol car arrived with two policemen. Complainant was taken into the patrol car, which slowly cruised the vicinity. The defendant and his accomplice were observed by the complainant at 181st Street and Park Avenue who identified them as the culprits. Defendant and his accomplice were arrested and brought to the 46th Precinct. A search of defendant's accomplice disclosed one five-dollar bill and three singles. About two and one-half hours after the arrest, one of the patrolmen returned to the site of the crime to search for the gun. The gun was found by a woman in the presence of the patrolman and turned over to him. The complainant identified the gun as one like that placed against his chest by the defendant's accomplice. The commission of the crime is indisputably established beyond a reasonable doubt. The sole question is whether the evidence sufficiently identifies and connects the defendant with the crime. Defendant relies on various alleged prejudicial errors in the admission of evidence only two of which require discussion. It is argued that the defendant's cross-examination was beyond permissible bounds in that it raised the inference that defendant was of a criminal disposition. A defendant who chooses to testify is subject to cross-examination concerning any immoral or criminal acts, whether or not similar to the crimes charged, which have a bearing on his credibility as a witness. (*People* v. *Schwartzman,* 24 N Y 2d 241, 244.) The cross-examination in this area is required to be based on fact and to be conducted in good faith. (*People* v. *Sorge,* 301 N. Y. 198, 200.) In the case at bar the specificity of times, places, occurrences and arresting officers adequately sustain the good faith of the prosecutor. Moreover, the defense counsel stated he did not charge bad faith on the part of the District Attorney. Defendant also contends it was error to admit the gun in evidence. A sufficient basis for its admission was established. The complainant testified the gun was like the one placed against his chest by defendant's accomplice. This testimony is indistinguishable from that in *People* v. *Mirenda* (23 N Y 2d 439, 452) where the testimony was the glasses at or near the site of the crime "resembled ones — offered — to (the defendant)". The said testimony was held sufficient to prove that the glasses were the defendant's. There were enough surrounding circumstances in this case to enable the jury to find the gun was the one used in the commission of the crimes here charged. We have considered the other points raised by defendant and find them without substance. Concur — McGivern, J. P., Markewich, Nunez and McNally, JJ.; Murphy, J., dissents in the following memorandum: Defendant's conviction of robbery and assault is supported solely by the testimony of the 75-year-old victim who was robbed and beaten by two men at 11:00 P.M. Complainant, who wears bifocal glasses, positively identified defendant as one of his assailants

without the aid of his corrective lenses a short while later while cruising the neighborhood in a police car; and reaffirmed such identification thereafter at the station house after he had regained possession of his glasses. At the trial defendant and his alleged accomplice testified and denied any culpability. Their defense was supported by their uncle. The question of credibility of the witnesses was, of course, for the jury to resolve and if that issue was fairly presented I would not dissent. However, such was not the case here. In his cross-examination of the defendant, the prosecutor sought to establish similar acts of misconduct committed by these defendants on a subsequent date. Despite defendant's specific denials, the prosecutor was permitted to repeatedly question defendant (and his codefendant) about certain crimes they had purportedly committed in New Rochelle. Although the record is barren of any factual basis for these questions, the prosecutor asked defendants about specific times, places and occurrences. Even the names of purported arresting officers were mentioned. The potential for prejudice inherent in this type interrogation is obvious. By use of innuendo and suggestion, an attempt was made to lead the jury to believe that defendants were guilty of these other criminal acts despite their denials. While the credibility of a testifying defendant may be attacked by exploring any other immoral, vicious or criminal acts he may have committed, the pertinent questions must be asked in good faith and have some basis in fact. No such required preliminary showing has here been made. Since, as above noted, defendant's guilt depended on the identification of a 75-year-old victim who wore corrective lenses and had only a limited opportunity to observe his nighttime attackers, the error in permitting this type of extended cross-examination cannot be deemed harmless. As we stated recently in *People* v. *Fair* (35 A D 2d 519): "The conclusion is well-nigh inescapable that the phrasing of the questions with respect to the other crimes had as their basic purpose the raising of an inference that defendant was of a criminal disposition and likely to have committed the crime for which he stood charged." Additionally, I believe error was committed in permitting the gun and bullets to be introduced in evidence. The weapon was found several hours after the arrest in the vicinity of the crime. No evidence was introduced connecting the defendant with such gun. The mere fact that a loaded gun which "looked like" the one used in the commission of the robbery was found in an area where defendant was known to have been is, in my opinion, too tenuous a connection to permit its receipt. Unlike *People* v. *Mirenda* (23 N Y 2d 439, 454), in this case we have no chain of independent testimony linking defendant to the gun sufficient to warrant a conclusion that "there were enough surrounding circumstances to permit the jury to infer that [this gun was the one actually used in the crime]." Without this evidence, defendant could not have been convicted of robbery in the first degree since, under the court's charge, proof was required that defendant possessed "a loaded, operable pistol". In light of the foregoing, the judgment appealed from should be vacated and a new trial directed.