■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BLANCHARD, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 19, 1976, upon a verdict convicting defendant of the crime of robbery in the first degree. The complaining witness testified that as he was opening the door to his apartment house at approximately 10:15 P.M. on January 3, 1975, defendant held a knife to his throat and pushed him into a well-lit hallway; that once in the hallway

defendant was joined by a second man who held a hammer close to his head; that defendant ordered him to empty his pockets; that he complied and thereafter defendant and the other man left with $59 belonging to the victim consisting of five 10 dollar bills, one 5 dollar bill and four 1 dollar bills. The victim immediately reported the robbery giving a description of the perpetrators to the police. Approximately 15 minutes later defendant and the other described assailant were stopped by the police for questioning, and were placed on a porch in the area. Shortly thereafter the victim was driven by the police past the porch and the victim identified both as the perpetrators of the robbery. As defendant was being led away, one of the police officers noticed a knife on the ground near where defendant was seated on the porch. Later that evening and at trial, the victim identified the knife as the one wielded by the defendant during the robbery. After their arrest defendant was found in possession of two 10 dollar bills, one 5 dollar bill and four 1 dollar bills and the other alleged assailant was found in possession of five 20 dollar bills and three 10 dollar bills. Defendant was convicted of robbery, first degree, and received an indeterminate term with a maximum of 18 years. This appeal ensued. Defendant first contends that it was error to receive in evidence the knife found on the ground near where defendant was seated just prior to his arrest. Considering the location of the knife when discovered and the victim's later identification of the knife as the same one used in the robbery, we are of the opinion that the knife was sufficiently connected with the defendant so as to have made the knife relevant to an issue in the prosecution and thus properly admissible *(People v Mirenda,* 23 NY2d 439; *People v Randolph,* 40 AD2d 806; *People v O'Bryan,* 36 AD2d 548). We also find to be without merit defendant's contention that it was error for the court to refuse to set aside the verdict upon the ground that the knife did not constitute a deadly weapon within the meaning of subdivision 12 of section 10.00 of the Penal Law. The knife in question is a long straight knife and is sufficient to come within the meaning of the term "deadly weapon" as defined in the Penal Law (see *People v Thomas,* 40 AD2d 913). Error was committed, however, in the admission of testimony that the defendant remained silent after his arrest. Since this testimony was not objected to at trial, the conviction may only be reversed on this ground if the error so varied from lawful procedure that the entire trial was irreparably tainted or as a matter of discretion in the interest of justice *(People v Musolino,* 54 AD2d 22). In this case the reference to defendant's postarrest silence occurred in only one isolated instance and was not thereafter referred to by the prosecution. Under these circumstances we are of the view that this single isolated reference to defendant's silence, in and of itself, is insufficient to require a reversal (see *People v Wheeler,* 40 AD2d 348). This error, however, must be considered in conjunction with several other errors which occurred at trial. The $29 found in defendant's possession and the three 10 dollar bills found in the possession of the other alleged assailant were combined, admitted into evidence, and repeatedly referred to by the prosecution in the summation. There was no evidence linking the money found on the alleged assailants with the money taken from the victim. Based on the record in the present case it is the opinion of this court that the probative value of the money found was substantially outweighed by the danger of undue prejudice and was erroneously admitted in evidence (see *People v Razezicz,* 206 NY 249; *People v Klozko,* 275 App Div 863). A receipt for the $29 taken from defendant was received in evidence. The receipt was prepared by a police officer and stated that the money was believed to be the money stolen in the robbery. The

receipt is a hearsay statement and apparently was admitted as an admission by defendant. The receipt, however, merely reflected the police officer's state of mind. Furthermore, the police officer testified that at the time the defendant signed the receipt he claimed the money was his own. Since the receipt did not constitute an admission it was improperly admitted into evidence and was highly prejudicial. It was also error in this case to allow testimony by two police officers, over objection and after an in-court identification of the defendant by the victim, that the victim had previously made out of court identifications of the defendant (*People v Lagana,* 36 NY2d 71; *People v Reeves,* 50 AD2d 746). Considering the number and gravity of the errors which occurred we conclude that cumulatively, these errors so prejudiced defendant that a new trial is required. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered. Koreman, P. J., Sweeney, Main, Larkin and Herlihy, JJ., concur.