■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. STEBBINS, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 30, 1982, upon a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the third degree. As a result of an incident which occurred on May 15, 1981 between 10:00 A.M. and 12:20 P.M. at a residence at 423 Miller Lane in the Town of Brunswick, Rensselaer County, wherein there was allegedly an illegal entry into the residence and property consisting of a Springfield rifle and $150 in United States currency was allegedly stolen therefrom, defendant and two others were indicted for the crimes of burglary in the third degree and grand larceny in the third degree. Following a jury trial, defendant was convicted on both charges and sentenced to concurrent indeterminate terms of imprisonment of two and one-third to seven years and one to four years, respectively. The instant appeal followed. We hold that the challenged judgment should be affirmed and, in so ruling, find without merit defendant's contention that the trial court erred in admitting into evidence against him certain items of currency discovered in a routine inventory search of one of the codefendants. Unlike the situations presented in *People v Blanchard* (55 AD2d 968) and *People v Hodgson* (6 Misc 2d 683), cases relied upon by defendant, in the present instance there was strong evidence presented linking the money discovered by the inventory search with the money taken from the residence. This evidence included, *inter alia*, the report of the victim of the larceny that five bills were missing from his dresser drawer including a new, uncirculated $100 bill and two $20 bills and the discovery in the codefendant's watchpocket of five bills precisely matching this description. Under these circumstances, the admission into evidence of the currency was not error (*People v Dudwoire*, 95 AD2d 878). Defendant's remaining arguments are likewise lacking in substance. Circumstantial evidence adduced at trial was plainly sufficient to support the jury's verdict. As for the trial court's instructions to the jury, defendant took no exception to the charge and nothing contained therein constitutes reversible error. Lastly, the sentences imposed are concededly within the statutory guidelines for the felony convictions and no abuse of discretion by the sentencing court has been demonstrated. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.