■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO MARTINEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 16, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court properly admitted into evidence a sawed-off shotgun which was allegedly the murder weapon. At trial, three witnesses identified the gun recovered from defendant's possession as either the one with which defendant shot decedent or one that looked exactly like it. It should be noted that the gun was somewhat unusual in appearance. Furthermore, the ballistics report determined that the shotgun pellets and plastic wadding removed from decedent were entirely consistent with the weapon which was recovered. Moreover, defendant admitted his ownership of the weapon. A sufficient connection between the gun, the defendant and the murder was established *(see, People v Mirenda,* 23 NY2d 439, 453; *People v Pena,* 50 NY2d 400, 408-409, *cert denied* 449 US 1087; *People v Flammer,* 106 AD2d 398; *People v Randolph,* 40 AD2d 806).

Furthermore, the fact that a five-week interval existed between the commission of the crime and the recovery of the weapon goes to the weight or probative force of the evidence rather than to its admissibility *(see, People v Pinelli,* 24 AD2d 1023).

Finally, there is no merit to defendant's claim that the imposed concurrent prison terms of 25 years to life for second degree murder and 5 to 15 years for second degree criminal possession of a weapon are unduly harsh or excessive. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.