■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT WINBURN, Appellant.—Judgment unanimously affirmed. Memorandum: On January 26, 1990, defendant was arrested on a violation of probation charge and was assigned counsel on that matter. On January 30, 1990, defendant's counsel interviewed defendant at the county jail in connection with that charge. Later that day, while he was still in custody on the violation of probation charge, defendant was interrogated by a police officer regarding an unrelated burglary. Defendant gave an inculpatory statement regarding the burglary. On January 31, 1990, defendant was sentenced on the violation of probation charge and, thus, "the right to counsel derived from [his] representation on the prior charg[e] expired with the disposition of [that] charg[e]" (People v Robles, 72 NY2d 689, 692). On February 1, 1990, defendant gave a second inculpatory statement regarding the burglary.

Defendant's statement to the police on January 30, 1990, was properly suppressed because defendant was represented by an attorney on the violation of probation charge on which he was being held in custody and thus, he may not be further interrogated in the absence of counsel about that charge or any other charge, and the police may not seek a waiver of the right to counsel except in the presence of counsel (see, People v Bing, 76 NY2d 331, rearg denied sub nom. People v Cawley, 76 NY2d 890; People v Rogers, 48 NY2d 167). That statement, however, did not taint the statement given on February 1, 1990. The record demonstrates that there was a "definite, pronounced break in the interrogation", and it cannot be said that the sequence of events beginning with the first statement and ending two days later with the second statement "was, in reality, a single continuous chain of events" (People v Chapple, 38 NY2d 112, 115, 114). Moreover, there is no evidence in the record to support a finding that defendant felt so committed by his prior statement that he believed it futile to invoke his right to remain silent before giving the second statement (see, People v Tanner, 30 NY2d 102, 105-106; People v McIntyre, 138 AD2d 634, 637, lv denied 72 NY2d 959). (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 3rd Degree.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.