■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DEARY, Appellant. [623 NYS2d 467] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that the confession he made on January 21, 1993 should have been suppressed. The suppression court's determination that the confession was not obtained in violation of defendant's right to counsel (see, People v Bing, 76 NY2d 331; People v Winburn, 177 AD2d 961, lv denied 79 NY2d 834) and was voluntarily given, after defendant knowingly and voluntarily waived his Miranda rights (see, People v Williams, 62 NY2d 285, 288-289), is supported by the record and should not be disturbed. We further reject the contention of defendant that the statement he made to the police on August 20, 1992 was involuntarily made. The record supports the suppression court's determination that defendant was not in custody at the time he made that statement (see, People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851; see also, People v Huffman, 41 NY2d 29, 33). Lastly, the trial court did not err in denying defendant's request to charge the jury that

the People were required to prove beyond a reasonable doubt the specific type of knife used in the homicide. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Balio, Fallon, Callahan and Davis, JJ.