■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR SHERIFF, Appellant. (Appeal No. 1.) [652 NYS2d 916] —Judgment unanimously affirmed. Memorandum: Defendant appeals from judgments convicting him following a jury trial of murder in the second degree and attempted robbery in the first degree and upon his guilty plea of criminal possession of a weapon in the third degree. He contends that County Court erred in denying his motion to suppress because his statements were obtained in violation of his right to counsel. We disagree. The record establishes that, at the time defendant made the statements, the police had not questioned him on a prior unrelated charge for which he was represented by an attorney. Defendant's waiver of the right to counsel when the right to counsel had not been invoked on the new charges was therefore valid (*see, People v Bing*, 76 NY2d 331, 349; *People v Deary*, 212 AD2d 960, *lv denied* 85 NY2d 971). Because the statements were not obtained in violation of defendant's right to counsel, the court properly denied defendant's motion to dismiss the indictment on that ground.

There is also no merit to the contention of defendant that the court erred in failing to suppress his written and oral statements on the ground that the police promised him that he would not be arrested in connection with the homicide but was merely a witness who needed to be questioned. We conclude that the statements were not the result of deception, misrepresentation or improper inducement. The record supports the court's determination that the statements were voluntarily given after defendant knowingly, intelligently and voluntarily waived his *Miranda* rights (*see, People v Tankleff,* 84 NY2d 992, 994; *People v Williams,* 62 NY2d 285, 288-290).

The court did not err in admitting evidence that defendant possessed a chrome-plated handgun subsequent to the attempted robbery and murder. The court properly concluded that the bad act was admissible on the issue of defendant's identity, and that its probative value outweighed any prejudicial effect in this case (*see, People v Chamberlain,* 96 AD2d 959, 960). The handgun itself was properly admitted because there were sufficient surrounding circumstances to permit the jury to infer that the gun was used by defendant in the attempted robbery (*see, People v Mirenda,* 23 NY2d 439, 452-454; *People v Martinez,* 115 AD2d 665, *lv denied* 67 NY2d 886).

Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The contention that the jury charge deprived defendant of a fair trial because the marshalling of the evidence was inadequate and prejudicial and the fact-finding function of the jury was usurped is unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court properly responded to the jury's request that certain testimony be read back. The court included both the direct and cross-examination portion of the requested testimony and did not err when it refused to go beyond the jury's request (*see, People v Almodovar,* 62 NY2d 126, 132).

Because the evidence adduced at trial included both circumstantial and direct evidence, the court was not required to give a moral certainty charge (*see, People v Daddona,* 81 NY2d 990, 992).

The court's *Sandoval* ruling was not an abuse of discretion (*see, People v Pavao,* 59 NY2d 282, 292).

Defendant was not deprived of a fair trial by the prosecutor's

cross-examination of defendant's wife. Although the prosecutor asked defendant's wife if she had to be arrested to secure her appearance, the question was asked in good faith for the purpose of impeaching her credibility and did not directly contravene the defense.

There is no merit to defendant's contention that Penal Law § 125.25 (3) is unconstitutional on its face (*see, People v Bornholdt*, 33 NY2d 75, 84, *cert denied sub nom. Victory v New York*, 416 US 905; *People v Kampshoff*, 53 AD2d 325, 340-341, *cert denied* 433 US 911).

Because we are affirming his conviction after trial, there is no merit to the contention of defendant that his conviction of criminal possession of a weapon in the third degree based upon his plea of guilty must be reversed as "irretrievably tainted by the homicide charge". (Appeal from Judgment of Monroe County Court, Smith, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.