People v Johnson (2025 NY Slip Op 00762)

People v Johnson

2025 NY Slip Op 00762

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

853 KA 16-01899

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYON K. JOHNSON, DEFENDANT-APPELLANT. 

DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 29, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Defendant's conviction arises from two incidents. Defendant was charged with, and ultimately convicted of, criminal possession of a weapon in the second degree based upon allegations that, on April 4, 2015, he was in possession of a weapon at a tavern. Defendant was also indicted on, and ultimately acquitted of, several charges relating to a shooting incident on April 18, 2015, which resulted in the death of one victim and injuries to another. The proof at trial established that cartridge casings found at the scene of both the April 18, 2015 shooting and the April 4, 2015 incident were discharged from the same firearm.
Defendant contends that Supreme Court erred in denying his renewed motion to sever the count arising from the first incident from the counts arising from the second incident. We reject that contention. " 'To effect a severance[, defendant] must either demonstrate that the counts were not joinable under the statutory criteria . . . or seek a discretionary severance' . . . Offenses are joinable if, inter alia, proof of either offense would be material and admissible as evidence-in-chief at the trial of the other offense" (People v Smith, 109 AD3d 1150, 1150-1151 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]; see CPL 200.20 [2] [b]; People v Bryant, 200 AD3d 1483, 1487 [3d Dept 2021], appeal dismissed 38 NY3d 1158 [2022]). Here, the identity of the shooter during the August 18 incident was a key issue at trial, and the fact that defendant is alleged to have brandished the exact same handgun two weeks earlier was relevant to the issue of identity (cf. People v Myers, 22 NY3d 1010, 1011 [2013]; see generally People v Brown, 266 AD2d 863, 863 [4th Dept 1999], lv denied 94 NY2d 860 [1999]; People v Sheriff, 234 AD2d 894, 895 [4th Dept 1996], lv denied 90 NY2d 910 [1997]). Unlike in Myers, here, there was proof that the same handgun was used in both offenses, which were committed within a very short time of each other (see e.g. People v Wells, 141 AD3d 1013, 1016 [3d Dept 2016], lv denied 28 NY3d 1189 [2017]).
As defendant properly concedes, his further contention that the court erred in allowing a law enforcement witness to identify him in surveillance footage and testify that defendant was in possession of a weapon is unpreserved inasmuch as defendant failed to object to the testimony on those grounds (see generally People v Salone, 188 AD3d 1742, 1743 [4th Dept 2020]; People v Capers, 94 AD3d 1475, 1476 [4th Dept 2012], lv denied 19 NY3d 971 [2012]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Relatedly, defendant contends that he received ineffective assistance of counsel [*2]based upon defense counsel's failure to object to the testimony. We reject that contention. To prevail on a claim of ineffective assistance of counsel, "it is incumbent on [a] defendant to demonstrate the absence of strategic or other legitimate explanations for defense counsel's allegedly deficient conduct" (People v Borcyk, 184 AD3d 1183, 1184 [4th Dept 2020] [internal quotation marks omitted]; see People v Rivera, 71 NY2d 705, 709 [1988]; People v Franklin, 206 AD3d 1610, 1612 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]). Here, defendant failed to demonstrate the absence of a legitimate explanation for defense counsel's failure to object to the allegedly improper testimony (see People v Basedow, 207 AD3d 1192, 1193 [4th Dept 2022]).
Defendant further contends that the court abused its discretion in denying defense counsel's request for an adjournment. Defendant's trial was initially scheduled for May 2016. However, upon the assignment of new counsel, defendant requested an adjournment. When the parties appeared in court, defense counsel consented to a new trial date of June 6, 2016. Given that consent, defendant waived his present contention that the court abused its discretion in denying his adjournment request (see generally People v Howard, 167 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]; People v Tilley, 305 AD2d 1041, 1041 [4th Dept 2003], lv denied 100 NY2d 588 [2003]; People v Forshey, 298 AD2d 962, 963 [4th Dept 2002], lv denied 99 NY2d 558 [2002], reconsideration denied 100 NY2d 561 [2003]).
Finally, we conclude that defendant's sentence is not unduly harsh or severe.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court