■ The People of the State of New York, Respondent, v Steven William Roides, Appellant

Memorandum: In this prosecution for arson and assault, the court properly received evidence of defendant's prior uncharged crimes and bad acts on the People's case-in-chief. Evidence of prior uncharged crimes is admissible if it is directly probative of some issue in the case *(People v Ventimiglia,* 52 NY2d 350, 359; *People v Vails,* 43 NY2d 364, 368). Here, the evidence established that defendant smashed his wife's car windows; slashed her tires; broke two windows on the house in which she was living; threatened to give her a

"good beating", to cut her throat, and to put her and her friends in their graves. Thus, the evidence of defendant's threats and acts of violence toward his wife in the month preceding the crime was directly probative of his intent to set fire to his wife's house and the possible motive for doing so.

We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Monroe County Court, Bergin, J.—assault, first degree, and arson, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.