THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN DENNIS NEU, Appellant.

Third Department, March 26, 1987

APPEARANCES OF COUNSEL

*Thomas J. Fox* for appellant.

*Patrick H. Mathews, District Attorney (Gerald F. Mollen* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J.

■ On September 16, 1982, a clerk in a convenience store in the Village of Afton, Chenango County, was shot and killed as he worked and $238 was taken from the store cash register. Five days later, on September 21, 1982, a similar murder and robbery occurred at a convenience store in the City of Binghamton, Broome County. Defendant was charged in both crimes. In July 1983, he was convicted in Chenango County of numerous charges arising from the Afton incident.* Thereafter, he was tried and convicted in Broome County of two counts of murder in the second degree and one count of robbery in the first degree stemming from the Binghamton incident. At issue in this appeal is whether County Court erred in admitting evidence concerning the Afton incident on the issue of defendant's identity as the person who committed the Binghamton murder and robbery. We believe that the evidence was properly admitted, and accordingly affirm.

It is settled law that under the *Molineux* rule *(People v Molineux,* 168 NY 264), evidence of other crimes is admissible to prove some fact at issue in the case, other than the defendant's criminal propensity, so long as its probative value outweighs the potential prejudice to the defendant *(People v Beam,* 57 NY2d 241, 250; *People v Allweiss,* 48 NY2d 40, 46-47). In this case, the evidence of the Afton incident was admitted in order to establish defendant's identity as the perpetrator of the Broome County crimes, and County Court properly instructed the jury that this evidence was to be considered for only this limited purpose. In order to introduce evidence of prior crimes for the purpose of identity, the

---

* This court recently reversed defendant's Chenango County conviction because he was improperly shackled during his trial, and the matter was remitted to the County Court of Chenango County for a new trial *(People v Neu,* 124 AD2d 885).

identity of the defendant as the perpetrator of the crime for which he is being tried must not have been conclusively established by other evidence *(see, People v Robinson,* 68 NY2d 541, 547-548; *People v Condon,* 26 NY2d 139, 142). Such is the case here. In addition, however, in evaluating the probative value of the prior crimes evidence, the court must determine that (1) the identity of the defendant as the perpetrator of the prior crimes is established by clear and convincing evidence *(People v Robinson, supra,* at 550) and (2) there is clear and convincing proof that the *modus operandi* of the crimes is so unique as to make the evidence highly probative *(supra,* at 548; *see, People v Allweiss, supra,* at 47-48).

Defendant does not contend that the evidence presented failed to demonstrate that he was the perpetrator of the Afton crimes. Moreover, in this case, unlike the situation in *People v Robinson (supra),* the evidence connecting defendant with the Afton crimes was in some respects stronger than that connecting defendant to the Binghamton crimes. The People presented the testimony of defendant's accomplice concerning the Afton events, the testimony of other witnesses corroborating the accomplice's testimony, the testimony of a witness placing defendant near the crime scene at the time of the Afton incident and the testimony of a witness that defendant had admitted committing both crimes. In light of this testimony, we find that the People have sufficiently demonstrated that defendant was the perpetrator of the prior Afton crimes.

With respect to *modus operandi,* we note that the robbery of a convenience store and the murder of its clerk, in and of themselves, admittedly are not unique crimes, unfortunately, such crimes occur all too often. However, this case involves more than simply two convenience store robberies and two murders of convenience store clerks; it involves two virtually identical killings and robberies. The uniqueness requirement does not require that a perpetrator follow a "ritualistic pattern" in committing a crime; it is sufficient that the crime pattern as a whole be distinctive *(see, People v Beam, supra,* at 253). Such a distinctive pattern has been established in this case. The Afton incident occurred at approximately 9:30 in the evening. The perpetrator waited until all customers left the store and then entered, shooting the clerk in the head and chest with a .22 revolver. He then removed cash from the cash register. The Binghamton incident occurred five days later, in an adjoining county, at approximately 10:30 to 10:45 in the evening. Again, the perpetrator waited until all customers left

the store, then entered, shot the clerk in the head with the same .22 revolver used in the Afton killing and removed cash from the cash register. Taken as a whole, therefore, the two crimes demonstrate a distinctive crime pattern, and the *modus operandi* requirement has been satisfied. Since both defendant's identity as the perpetrator of the prior crimes and a distinctive *modus operandi* have been demonstrated, County Court could properly admit evidence concerning the Afton crimes to establish defendant's identity as the perpetrator of the Binghamton crimes.

■ Defendant's remaining argument, that he was prejudiced because two veniremen inadvertently viewed him in handcuffs while he was being escorted in the courthouse, is without merit. In *People v Dawson* (125 AD2d 860), we noted that the brief and inadvertent viewing by two jurors of a defendant in shackles does not operate to deprive a defendant of a fair trial *(supra,* at 861). Indeed, in this case the viewing occurred during jury selection, and it is unclear whether the two veniremen were even chosen for the jury panel. Accordingly, defendant was not deprived of a fair trial on this ground.

■ Finally, we note that defendant's sentence of concurrent prison terms of 25 years to life on each murder count and 12½ to 25 years on the robbery count was imposed consecutive to the terms of imprisonment imposed on defendant in Chenango County following his conviction in the Afton robbery and murder. Since the Chenango County conviction has been reversed and a new trial ordered, defendant's sentence in the present matter must be modified so as to delete that portion ordering the terms of imprisonment to run consecutively to those imposed in Chenango County.

MAHONEY, P. J., CASEY, MIKOLL and HARVEY, JJ., concur.

Judgment modified, on the law, by deleting so much thereof as ordered defendant's term of imprisonment to run consecutively to a term of imprisonment imposed by the County Court of Chenango County on July 18, 1983, and, as so modified, affirmed.