■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered April 22, 1985, convicting him of murder in the second degree (two counts), arson in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Lombardo, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

On December 18, 1983, the defendant, Jeffrey Key, set fire to the building located at 53 Grattan Street in Brooklyn. Because of the fire, Ruby Bryant, a resident of the building, was killed and her brother, Lenny Bryant, was injured. The fire was apparently started in retaliation for the fact that defendant's wife was having an affair with a resident of the building. The defendant, while being questioned by Officer Philip Mahony at the police precinct, admitted starting the fire. Prior to trial, he moved, *inter alia,* to suppress his statement, but the court denied that branch of his motion after a hearing. Although there are no findings of fact by the hearing court in the record, this court is empowered to make its own independent findings of fact based upon the record of the hearing itself *(see,* CPL 470.15 [1]; *People v Russo,* 45 AD2d 1040).

We conclude that under the circumstances of this case the questioning of the defendant was not a custodial interrogation and hence the trial court properly admitted his statements into evidence. A reasonable man in the defendant's position, innocent of the crime charged, would have assumed that he was free to leave the interview *(see, People v Yukl,* 25 NY2d 585, 591-592). It is clear that the defendant came to the precinct voluntarily in response to a telephone call and was not questioned in a coercive manner while there. The fact that he was given his *Miranda* rights prior to questioning does not preclude a finding that a reasonable man in the defendant's position would have thought he was free to leave *(see, People v Torres,* 97 AD2d 802), particularly where, as here, there is absolutely no indication that the questioning was accusatory in nature *(see, People v Arcese,* 148 AD2d 460). Accordingly, there was no violation of the defendant's right to counsel even

though Officer Mahony was aware of the fact that the defendant had been arrested three months earlier for an assault on the wife's boyfriend (see, People v Bertolo, 65 NY2d 111, 116; see also, People v Farruggia, 61 NY2d 775, 777).

The defendant's contention that the trial court erred in admitting testimony on the defendant's prior assault on the boyfriend has not been preserved for appellate review since no objection was raised at trial (see, CPL 470.05 [2]). In any event, such testimony was properly admitted as probative of the defendant's motive to commit the arson (see, People v Allweiss, 48 NY2d 40; People v Roides, 124 AD2d 967). Nor was the defendant deprived of the effective assistance of counsel because of the failure to object to the admission of this testimony. The record clearly shows that defense counsel used the testimony of the prior assault as an essential part of his trial strategy to convince the jury that the residents of 53 Grattan Street wrongly accused the defendant of the arson because they held a grudge against him due to that prior assault. Unsuccessful trial tactics do not amount to ineffective assistance of counsel (see, People v De Mauro, 48 NY2d 892).

Finally, under these circumstances, the sentence was not excessive (see, People v Suitte, 90 AD2d 80). We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.