■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. NUNESS, Appellant. [596 NYS2d 941] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 25, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree (three counts) and petit larceny (two counts).

Between September 13, 1988 and September 22, 1988, Carol Foster cashed two checks, exhibit Nos. 1 and 2, drawn on the account of Tony Anthony Painting Company and made payable to Naomi Fiason at a Price Chopper grocery store in Albany County using identification provided by defendant. The checks were made with a check writing machine. In September 1989 a check stolen from Ellen's Deli Mart, exhibit

No. 3, drawn on the account of Ellen's Deli Mart and made payable to Ellen Crasek, was cashed at a Grand Union grocery store in Albany County by Foster using the same method as was employed in cashing exhibit Nos. 1 and 2.

Because Foster was held to be an accomplice, in order to corroborate her testimony and to connect defendant to the forged instruments the People introduced evidence of a common scheme or plan by introducing evidence of certain uncharged crimes, i.e., the cashing of forged checks, exhibit Nos. 4 and 5, also written on the account of Ellen's Deli Mart, payable to Ellen Crasek and cashed at a Great American Supermarket in Schenectady County.

The People also sought to connect defendant to the crimes charged by introducing evidence that (1) defendant had possession or access to a typewriter and a checkwriter similar to the one allegedly used to make the forged instruments at about the same time the checks were made and cashed, (2) defendant's fingerprint was on the checkwriter, (3) the checkwriter was the machine used to create exhibit Nos. 1, 2 and 3, and the typewriter was used to make exhibit No. 3, and (4) defendant visited the residence of Catherine Wagner in August 1989 where both the typewriter and checkwriter were available to him.

Defendant contends on this appeal that County Court erred in admitting into evidence proof of the cashing of exhibit Nos. 4 and 5 pursuant to the doctrine enunciated in *People v Molineux* (168 NY 264). The evidence indicated that exhibit Nos. 3, 4 and 5 were written on the account of Ellen's Deli Mart, that they were stolen, that Ellen Crasek (the person to whom the checks were written) was a fictitious person, that the checks were cashed in August and September 1989, that exhibit Nos. 4 and 5 bore defendant's fingerprints, that the checkwriter created exhibit Nos. 1, 2 and 3, that defendant's fingerprint was found on the checkwriter and that a typewriter supplied to defendant was used to create exhibit No. 3.

"When evidence of uncharged crimes is relevant to some issue other than the defendant's criminal disposition, it is generally held to be admissible on the theory that the probative value will outweigh the potential prejudice to the accused" *(People v Allweiss,* 48 NY2d 40, 47 [citations omitted]). Where identity of the defendant has not been conclusively established by other evidence and there is clear and convincing proof that the *modus operandi* is so unique as to make the evidence highly probative, the *Molineux* rule may be invoked *(People v Neu,* 126 AD2d 223, 224, *lv denied* 70 NY2d 652).

Here, the identity of defendant as to exhibit No. 3 remained in dispute. Proof of defendant's cashing of checks denominated exhibit Nos. 4 and 5 was relevant to establishing his identity and was relevant and necessary to corroborate Foster's testimony. The *modus operandi* was sufficiently unique as to make the evidence highly probative, thus meeting the second prong of *Molineux*. In each instance, defendant provided a female with a forged check and identification to cash the check, each check was drawn by a particular checkwriter, made out as a payroll check and made out to persons whose identification had been stolen. The checks are identical in execution. All the circumstances point to the inescapable conclusion that one person was responsible for the forged checks. We conclude, therefore, that the probative value of the evidence on the question of identity outweighed the prejudicial effect to defendant.

Defendant next objects to the admission into evidence of the checkwriter for failure to establish a proper foundation. The People's expert witness testified that defendant's fingerprints were found on the checkwriter. Testimony was given that a machine similar to exhibit No. 7 was left at Wagner's home by codefendant Michael Nuness and that it was delivered to the City of Schenectady Police Department. An expert document viewer identified the checkwriter as having been used to produce exhibit Nos. 1, 2 and 3. Foster testified that she saw defendant use the checkwriter to create the monetary amount on the front of some checks that she later cashed. In light of all the evidence, the proper foundation was laid to connect the checkwriter to defendant's criminal conduct and its admission was therefore appropriate.

Defendant contends that the People failed to establish a prima facie case against defendant and that County Court should have dismissed the People's case at the conclusion of all the evidence. We disagree. The evidence connecting defendant to the crimes charged is overwhelming.

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.