■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MOORE, Appellant. [612 NYS2d 1013] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of a weapon in the third degree, defendant, who was "mildly retarded," contends that, although before trial he was found fit to proceed by two examiners pursuant to a CPL 730.30 order of examination, the court, *sua sponte,* should have ordered, during trial or sentencing, a hearing or a further psychiatric examination on the issue of his competency to proceed. He contends that the court's failure to act deprived him of due process. Although this issue is unpreserved, it may be raised for the first time on appeal *(see, People v Armlin,* 37 NY2d 167). Defendant does not challenge the examiners' pretrial findings of competency and there is no suggestion in the record that defendant became incompetent during the proceedings. Thus, the court did not abuse its discretion in not directing an additional

examination or a hearing *(see, People v Savona,* 176 AD2d 362, 362-363, *lv denied* 79 NY2d 864).

Defendant was not denied a fair trial by the prosecutor's remarks on summation *(see, People v Jabbar,* 166 AD2d 904, 905, *lv denied* 78 NY2d 955).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.