■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER STORELLI, Appellant. [629 NYS2d 353] —Judgment unanimously affirmed. Memorandum: Defendant contends that the consent obtained by the police from his wife to search her car was invalid because it was coerced by the officer's statement that, if she did not give her consent, the car would be impounded and a search warrant obtained. We disagree. In *People v LaDuke* (206 AD2d 859, 860), we held that a consent to search based on a threatened confiscation is not invalid when "the police had valid legal grounds to threaten defendant with forfeiture of his property." The police had probable cause to obtain a warrant for the search of the car because the car matched the detailed description given by the complainant. Thus, the consent was validly obtained.

We likewise reject the contention of defendant that his sentence must be vacated because Supreme Court based the sentence on its belief that he was guilty of rape in the first degree, despite the jury's finding that he was innocent of that charge. There is no basis to conclude that the court based its sentence on that belief *(see, People v Scallero,* 122 AD2d 350, 352; *United States v Rodriguez-Gonzalez,* 899 F2d 177, 180-182, *cert denied* 498 US 844; *see also, United States v Carrozza,* 4 F3d 70, 80, *cert denied sub nom. Patriarca v United States,* — US —, 114 S Ct 1644; *United States v Olderbak,* 961 F2d 756, 764-765, *cert denied* 506 US 959; *United States v Averi,* 922 F2d 765, 765-766; *United States v Isom,* 886 F2d 736, 738-739; *United States v Juarez-Ortega,* 866 F2d 747, 749). The court's remarks were insufficient to establish that the court was punishing defendant for crimes other than those for which he was convicted *(cf., People v Maula,* 163 AD2d 180, 181; *People v Baez,* 136 AD2d 451, *lv denied* 71 NY2d 892; *People v Coward,* 100 AD2d 628). Lastly, we conclude that, under the circumstances of this case, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Contiguglia, J.—Rape, 3rd Degree.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.