■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. LEESON, Appellant. (Appeal No. 1.) [750 NYS2d 389]

—Appeal from a judgment of Cayuga County Court (Corning, J.), entered March 8, 2001, convicting defendant after a jury trial of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of two counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii], [v]) and one count of criminal solicitation in the second degree (§ 100.10). We reject defendant's contention that County Court erred in admitting in evidence an audiotape of a telephone call placed by defendant to the victim. The court reviewed the quality of the audiotape (*see e.g. People v Lubow*, 29 NY2d 58, 68) and determined that it was not "so inaudible and indistinct that the jury would have to speculate concerning its contents" (*People v Cleveland,* 273 AD2d 787, 788, *lv denied* 95 NY2d 864). Defendant further contends that the telephone call should have been excluded because the People failed to offer in evidence the two other telephone calls also placed by defendant to the victim that same day. "[Defendant] had ample opportunity to introduce more of the [audio]tape at that time and he did not" (*People v Bell,* 249 AD2d 777, 779, *lv denied* 92 NY2d 922). We also reject defendant's contention that the court erred in admitting evidence of certain prior bad acts of defendant. Given the nature of the charges against defendant, the evidence was properly admitted to demonstrate a common scheme or plan to kill or otherwise harm the victim (*see e.g. People v Washpun,* 134 AD2d 858, *lv denied* 70 NY2d 1012; *People v Roides,* 124 AD2d 967, *lv denied* 69 NY2d 886). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that the court erred in considering an uncharged crime in sentencing him (*see People v Washington,* 291 AD2d 780, 781, *lv denied* 98 NY2d 682). In any event, "[t]he court's remarks were insufficient to establish that the court was punishing defendant for crimes other than those for which he was convicted" (*People v Storelli,* 216 AD2d 891, 891, *lv denied* 86 NY2d 803). The sentence is not unduly harsh or severe. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.