■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIS SANDERS, Appellant. [756 NYS2d 780] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered February 25, 1999, convicting him of sexual abuse in the first degree (four counts) and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of sexually abusing his niece at her home on three separate occasions in 1993 and 1994, and of attempting to sexually abuse her in 1995, when she was between the ages of 10 and 12. At trial, the defendant asserted that his niece lied about the incidents. The Supreme Court improperly admitted testimony of another niece that the defendant had sexually abused her in a similar manner on four separate occasions between 1976 and 1994, the first when she was age 12 and the last when she was 28 or 29. This evidence did not fall within a recognized exception for admitting evidence of uncharged crimes, and was not necessary to prove an element of the crimes charged (*see People v Beam,* 57 NY2d 241, 251-253 [1982]; *People v Alvino,* 71 NY2d 233, 241-242 [1987]; *People v Molineux,* 168 NY 264, 293 [1901]). Rather, it was used impermissibly as propensity evidence (*see People v Hudy,* 73 NY2d 40, 54-56, [1988], *abrogated on other grounds Carmell v Texas,* 529 US 513 [2000]; *Coopersmith v Gold,* 223 AD2d 572 [1996], *affd* 89 NY2d 957 [1997]). The substantial testimony of uncharged crimes by the other niece and extensive references to such testimony during the prosecutor's summation were highly prejudicial, and therefore not harmless (*see People v Hudy, supra* at 56; *People v Harris,* 150 AD2d 723, 726 [1989]).

In light of our determination, we need not reach the defendant's remaining contentions. Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.