■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARRIAGA, Appellant. [765 NYS2d 314] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered August 16, 2000, convicting defendant, after a jury trial, of reckless endangerment in the first degree and criminal possession of a weapon in the third and fourth degrees, and sentencing him to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion in all respects. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

Defendant's warrantless arrest in his apartment was properly based on exigent circumstances, given the seriousness of the crime (which involved the firing of a gun and a threat to kill the complainant), the complainant's statement that defendant was still wielding a gun as he fled toward his home, the evidence clearly identifying defendant as the suspect, and the officers' observations and other reasons to believe that defendant was at the premises (*see People v Williams*, 181 AD2d 474, 475-476 [1992], *lv denied* 79 NY2d 1055 [1992]).

Suppression of the guns discovered in defendant's home was properly denied in light of his sister's voluntary consent to the search of her bedroom (*see People v Gonzalez*, 39 NY2d 122, 128-130 [1976]). There was no indication that the consent was the product of any prior illegality. Even if the sergeant's reference to the possibility of taking her to the precinct could be viewed as an implied threat to arrest her, it would have been permissible (*see People v Storelli*, 216 AD2d 891 [1995], *lv denied* 86 NY2d 803 [1995]) because, under all the circumstances present, the police would have had a legitimate basis upon which to arrest her for hindering prosecution in the second degree (Penal Law § 205.60).

Suppression of defendant's statement was properly denied.

The spent shells from defendant's gun were not displayed to him for the purpose of eliciting an incriminating statement after he had asserted his *Miranda* rights (*compare People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). On the contrary, these shells came into defendant's view in the course of arrest processing, and there was no interrogation or its functional equivalent (*see People v Smith*, 298 AD2d 182 [2002], *lv denied* 99 NY2d 585 [2003]).

We have considered defendant's remaining claims and find that they do not warrant reversal. Concur—Saxe, J.P., Sullivan, Williams, Lerner and Friedman, JJ.