■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN W. CRAWFORD, Appellant. [772 NYS2d 182]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 17, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [5]) for causing the victim to ingest thorazine. We agree with defendant that County Court erred in allowing the People to introduce evidence concerning a prior incident involving the victim and a prior statement made by defendant. Evidence of the prior incident, wherein defendant and the victim were on a camping trip and the victim experienced physical symptoms similar to those he experienced after the incident herein, was inadmissible because there was not sufficient evidence that the victim's symptoms were the result of a crime perpetrated by defendant (see People v Robinson, 68 NY2d 541, 549 [1986]; see generally People v Molineux, 168 NY 264 [1901]). The Molineux rule excludes evidence of prior crimes when the danger that the jury may convict on the basis of such evidence is not outweighed by the probative value of the prior crime evidence, and the jury may not be convinced of defendant's guilt of the crime charged beyond a reasonable doubt (see People v Ventimiglia, 52 NY2d 350, 359-360 [1981]). "To make evidence of a prior uncharged crime relevant, there must be more than a unique method involved, for, as Molineux long ago stated, 'the naked similarity of . . . crimes proves nothing' " (Robinson, 68 NY2d at 549, quoting Molineux, 168 NY at 316). "The probative value of such evidence is, therefore, dependent upon showing not only that the method used is sufficiently unique to make it highly prob-

able that both crimes were committed by the same individual, but also upon proof that defendant was the perpetrator of the uncharged crime. To be balanced against probative value as thus defined is the possible prejudice to defendant" (*id.*).

Here, there is no evidence that any crime occurred on the camping trip; indeed, the victim admitted that he may have simply been intoxicated. Moreover, even assuming, arguendo, that there was some evidence that someone put thorazine in the victim's drink, we conclude that there was no evidence that it was defendant who put it there, as opposed to a third person who was also on the camping trip. "[A] Trial Judge who admits evidence of an uncharged crime on the issue of identity on less than clear and convincing proof of both a unique *modus operandi* and of defendant's identity as the perpetrator of the crime abuses his discretion as a matter of law" (*id.* at 550). Such is the case here, and thus defendant is entitled to a new trial. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.