THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN AUSTIN, Appellant. [786 NYS2d 882]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 19, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, burglary in the second degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, robbery in the second degree (Penal Law § 160.10 [1]) and burglary in the second degree (§ 140.25 [2]). The victim of those crimes was murdered two days after she testified before the grand jury and thus was unavailable to testify at trial. Defendant was not restricted in his cross-examination of the victim at the preliminary hearing (*see People v Simmons*, 36 NY2d 126, 131 [1975]), and thus we reject his contention that County Court erred in admitting the victim's testimony at the preliminary hearing in evidence at trial (*see* CPL 670.10 [1]). The unavailability of the victim was not attributed to defendant (*see People v Geraci*, 85 NY2d 359, 368-369 [1995]), however, and thus we agree with defendant that the

court erred in admitting a portion of her grand jury testimony at trial (*see* CPL 670.10 [1]). We nevertheless conclude that there is no reasonable possibility that the error contributed to defendant's conviction and thus that the error is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). The grand jury testimony was limited to the victim's identification of photographs taken by the victim of her home, reflecting the condition of her home after the crimes were committed. Moreover, we note that the photographs were properly admitted in evidence at trial through the testimony of a police witness who testified that, although she did not know when the photographs were taken, they accurately represented the condition of the victim's home when the witness responded to the victim's home to investigate the crimes shortly after they occurred (*see People v Byrnes*, 33 NY2d 343, 347 [1974]; *People v Johnson*, 279 AD2d 294, 295 [2001], *lv denied* 96 NY2d 830 [2001]).

We further agree with defendant that the court erred in admitting evidence of a prior uncharged crime, i.e., a burglary of the victim's home a few weeks before the commission of the instant crimes (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]). Although the victim believed that defendant committed that burglary, there is no evidence that he had done so, and thus the testimony was not relevant to establish either identity (*see People v Crawford*, 4 AD3d 748 [2004], *lv denied* 2 NY3d 797 [2004]) or a common scheme or plan (*see generally People v Fiore*, 34 NY2d 81, 87 [1974]; *People v Leeson*, 299 AD2d 919, 920 [2002], *lv denied* 99 NY2d 560 [2002]). We conclude, however, that the error is harmless (*see generally Crimmins*, 36 NY2d at 241-242).

Contrary to defendant's contention, the court properly admitted evidence that the victim found defendant hiding in her garage a few weeks before the crimes occurred and that he attempted to grab her, although our reasoning differs from that of the court. The issue of identity was conclusively established by the testimony of the victim at the preliminary hearing that she knew defendant and recognized him during the commission of the crimes, and thus the court erred in determining that the evidence was admissible on the issue of identity (*see People v Robinson*, 68 NY2d 541, 547-548 [1986]; *cf. Crawford*, 4 AD3d at 749). We nevertheless conclude, however, that the evidence was admissible as evidence of a common scheme or plan (*see Leeson*, 299 AD2d at 920; *People v Washpun*, 134 AD2d 858 [1987], *lv denied* 70 NY2d 1012 [1988]). The sentence is not unduly harsh or severe. Defendant failed to preserve his remain-

ing contention for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.