■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY LATIMER, Appellant. [800 NYS2d 629]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered December 17, 2002, convicting him of attempted murder in the first degree, attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree (three counts), criminal possession of a weapon in the third degree (two counts), robbery in the first degree (two counts), and robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the sentence is vacated, the plea of guilty is vacated, and the matter is remitted to the County Court, Orange County, for further proceedings on the indictment.

As the prosecution concedes, the record supports the defendant's contention that he understood that in exchange for his plea of guilty, the County Court would sentence him to 20 years to life on the top count of his indictment, to run concurrently with the sentences imposed on the remaining counts, as well as concurrently with sentences imposed in unrelated criminal matters in Dutchess and Ulster Counties. However, at sentencing, the County Court stated that its promise did not include Ulster County. The defendant was not given an opportunity to withdraw his plea.

Under the circumstances presented, we conclude that the County Court did not fulfill what, as the People concede, the defendant reasonably construed as a promise regarding his sentence. Accordingly, the defendant should have been given an opportunity to withdraw his plea (*see People v Lowman,* 237 AD2d 621, 622 [1997]; *cf. People v Smith,* 279 AD2d 487 [2001]).

We decline to address the defendant's contentions, raised in his supplemental pro se brief, that his arrest and subsequent questioning while in police custody violated his constitutional rights. While the defendant raised those challenges in a pretrial motion, the prosecution represents, and our own review of the record indicates, that the County Court did not decide those issues, either orally on the record or in any written decision. Accordingly, they should be addressed in the first instance on remittitur, if necessary.

The defendant's remaining contentions, raised in his supplemental pro se brief, need not be addressed in light of the foregoing determination. H. Miller, J.P., Crane, Goldstein, and Skelos, JJ., concur.