■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY A. LATIMER, Appellant. [804 NYS2d 493]—

Kane, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 26, 2003, upon a verdict convicting defendant of the crimes of robbery in the first degree (three counts), assault in the first degree (two counts), criminal use of a firearm in the first degree (four counts) and criminal possession of a weapon in the second degree.

A jury convicted defendant of numerous charges arising from the November 2001 robbery of a convenience store in the Town of Highland, Ulster County. That robbery was similar to robberies that occurred in the Town of Newburgh, Orange County, in January 2002, and the City of Poughkeepsie, Dutchess County in October 2001 and December 2001. After a clear picture of the perpetrator was obtained from the Orange County robbery, police identified defendant as the perpetrator and picked him up for questioning. He orally confessed to one investigator that he committed the robberies, then repeated his confession on audiotape. Defendant eventually pleaded guilty to the Orange County robbery[1] and the two robberies in Dutchess County,[2] but proceeded to trial in the instant case.

Defendant's main contention is that County Court erred in permitting the People to introduce evidence of the three other robberies. We disagree. The court properly found that the probative value of this evidence outweighed the prejudice to defendant. The evidence was not used to show defendant's propensity to commit crimes, but was admitted for the proper purposes of establishing defendant's motive and identity (see People v Hig-

---

1. His conviction in Orange County was recently reversed because defendant understood the plea to include a 20-year sentence concurrent with any time from Dutchess and Ulster Counties, but the ultimate sentence was not concurrent with time from Ulster County and defendant was not given a chance to withdraw his plea (People v Latimer, 21 AD3d 908 [2005]).

2. Defendant's judgment of conviction out of Dutchess County was affirmed after counsel submitted an Anders brief (People v Latimer, 307 AD2d 326 [2003], coram nobis denied 19 AD3d 618 [2005]).

*gins*, 12 AD3d 775, 777-778 [2004], *lv denied* 4 NY3d 764 [2005]). Although defendant was acquitted of robbery as a hate crime (*see* Penal Law §§ 160.15, 485.05), the People were entitled to attempt to show defendant's reason for selecting a store clerk who appeared Indian or Middle Eastern through proof that three of the four clerks involved in these robberies appeared to have that similar ethnic background and that defendant pleaded guilty to the October 2001 robbery as a hate crime (*see People v Toland*, 284 AD2d 798, 805 [2001], *lv denied* 96 NY2d 942 [2001]; *People v Willsey*, 148 AD2d 764, 766 [1989], *lv denied* 74 NY2d 749 [1989]).

The evidence was additionally admissible to prove defendant's identity. Where other evidence has not conclusively established that the defendant is the perpetrator, evidence of crimes not charged in the instant indictment may be admitted to prove the defendant's identity if he or she is proven by clear and convincing evidence to have committed the other crimes and there is clear and convincing proof that the modus operandi of the crimes is so unique or distinctive as to make the evidence highly probative (*see People v Toland, supra* at 803-804; *People v Nuness*, 192 AD2d 960, 961 [1993], *lv denied* 82 NY2d 723 [1993]; *People v Neu*, 126 AD2d 223, 225 [1987], *lv denied* 70 NY2d 652 [1987]). The uniqueness requirement does not mandate a ritualistic pattern, but the crime pattern as a whole must be distinctive (*see People v Neu, supra* at 225).

Defendant's identity in the Orange County and Dutchess County robberies was established by his confessions and guilty pleas in those counties. While the robbery of convenience stores and injury to clerks is not unique (*see id.*), there were additional similarities here. Each robbery occurred in the late evening or early morning hours, when only one clerk was present, no other customers were present at the time, the robber displayed a .22 caliber pistol, the clerk was lured into opening the register before money was demanded and, significantly, the robber shot each clerk in the legs despite the clerk having complied with all demands. These robberies occurred each month through the late fall to early winter, within a 10 to 15-mile area, and three of the four clerks appeared to be of Middle Eastern or Indian descent. These circumstances were sufficiently distinct and unique to permit introduction of the other crimes as proof of the perpetrator's identity (*see id.*).[3] Considering these circumstances, County Court did not abuse its discretion in determin-

---

3. In *People v Neu* (*supra*), as here, we affirmed despite the subsequent reversal of the defendant's conviction of the other crime which was the basis of the facts that were admitted to prove his identity (*id.* at 224 n).

ing that evidence of these other robberies was admissible, after balancing the probative value of this evidence against the prejudice to defendant (*see People v Tarver*, 2 AD3d 968, 969 [2003]; *People v Nuness, supra* at 962).

County Court also correctly denied defendant's suppression motion. Police officer testimony established that defendant made some spontaneous statements before being questioned and was provided his *Miranda* rights before any interrogation took place, rendering his statements admissible. He was arrested outside his apartment, so no *Payton* violation occurred (*see People v Hines*, 9 AD3d 507, 510-511 [2004], *lv denied* 3 NY3d 707 [2004]). As defendant provided no evidence at the suppression hearing, the court properly accepted the prosecution's evidence and denied suppression.

Defendant's conviction was not against the weight of the evidence. His argument in that regard is merely an attack on the credibility of witnesses, which the jury was free to resolve. Considering the heinous nature of defendant's crime and his prior criminal record, the aggregate sentence of 20 years in prison was appropriate.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.