THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO PITTMAN, Appellant. [854 NYS2d 623]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]), criminal possession of a weapon in the second degree (former § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]) arising from an incident in which defendant fired a handgun at a police officer. Contrary to the contention of defendant, "[County] Court's determination that he was fit to proceed is supported by legally sufficient evidence presented at the competency hearing" (*People v Garrasi*, 302 AD2d 981, 982 [2003], *lv denied* 100 NY2d 538 [2003]). Further, the court did not abuse its discretion in failing, sua sponte, to order another competency evaluation or to conduct a second hearing (*see id.*; *People v Moore*, 203 AD2d 900 [1994], *lv denied* 84 NY2d 830 [1994]). Defendant failed to preserve for our review his chal-

lenge to the legal sufficiency of the evidence of his intent to kill with respect to the attempted murder conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we reject his further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that the court erred in permitting the People to present evidence concerning his conviction of attempted criminal possession of a weapon in the second degree arising from a 1998 incident in which defendant attempted to shoot a police officer. That evidence was not relevant under any of the *Molineux* exceptions cited by the People (*see People v Molineux*, 168 NY 264, 293-294 [1901]). Defendant's conduct in the 1998 incident and the present incident was not "sufficiently unique to be probative on the issue of identity" (*People v Beam*, 57 NY2d 241, 252 [1982]), nor was the 1998 incident probative on the issue of motive inasmuch as there was no evidence from which the jury could infer that the 1998 incident provided the motive underlying the instant offenses (*see generally People v Namer*, 309 NY 458, 462 [1956]). Moreover, evidence of the 1998 incident should have been precluded insofar as it was used to prove intent because, assuming that the People established that defendant fired at the officer, "intent may be easily inferred from the commission of the act itself" (*People v Alvino*, 71 NY2d 233, 242 [1987]; *see also People v McKinney*, 24 NY2d 180, 184-185 [1969]). Even assuming, arguendo, that evidence of the 1998 incident is probative of some issue other than defendant's criminal propensity, we conclude that its potential for prejudice outweighed its probative value (*see generally People v Hudy*, 73 NY2d 40, 55 [1988]; *People v Santarelli*, 49 NY2d 241, 250 [1980], *rearg denied* 49 NY2d 918 [1980]). Indeed, we conclude that the evidence of the 1998 incident was, at best, "of slight value when compared to the possible prejudice to" defendant (*People v Allweiss*, 48 NY2d 40, 47 [1979]), and the error in the admission of that evidence cannot be deemed harmless (*see People v Kocyla*, 167 AD2d 938, 939 [1990]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

In light of our decision, we need not address the remaining contentions of defendant, including those in the pro se supplemental brief.

All concur except Smith, J.P., who dissents and votes to affirm in the following memorandum.

Smith, J.P. (dissenting). I respectfully dissent because I disagree with the majority's conclusion that County Court erred in permitting the People to introduce on their direct case evidence

of defendant's 1998 conviction of attempted criminal possession of a weapon in the second degree. The charges in this case arose from an incident in which defendant fired shots at a police officer after the officer confronted defendant, and the People sought to introduce evidence that defendant had been convicted on two prior occasions of some level of criminal possession of a weapon following incidents in which he was confronted by police officers. In the first incident, in 1994, defendant began to draw a handgun when he was confronted by a police officer but was arrested before he was able to do so, and he was convicted of attempted criminal possession of a weapon in the third degree later that year. In the second incident, in 1998, defendant drew a handgun and aimed it at a police officer who confronted him. Defendant attempted to fire the weapon but it jammed, and defendant was arrested before he could take any further action. As a result of that incident, defendant was convicted in 1998 of attempted criminal possession of a weapon in the second degree.

Although I of course agree with the majority that evidence of a defendant's prior conviction is inadmissible when it merely serves to establish the defendant's propensity to commit the crime charged (*see generally People v Molineux*, 168 NY 264, 291-293 [1901]; *People v Sanders*, 303 AD2d 694 [2003]), that is not the case here. Such evidence is admissible where, as here, the defendant has a modus operandi that is sufficiently unique and thus probative on the issue of identity, and the identity of the perpetrator is at issue (*see People v Beam*, 57 NY2d 241, 250 [1982]; *see generally People v Robinson*, 68 NY2d 541, 547-548 [1986]; *People v Crawford*, 4 AD3d 748 [2004], *lv denied* 2 NY3d 797 [2004]). During both the 1994 and the 1998 incidents that resulted in the prior convictions, defendant drew, or attempted to draw, a handgun when he was confronted by a police officer. In the 1998 incident, he also aimed the weapon at a police officer and attempted to fire it. In my view, defendant's modus operandi is sufficiently unique to be admissible on the issue of the identity (*see Beam*, 57 NY2d at 252-253). Contrary to defendant's further contention and the implicit conclusion of the majority, the Court of Appeals has "explicitly stated that in order to establish a *modus operandi*, *'it is not necessary that the pattern be ritualistic* for it to be considered unique' " (*People v Mateo*, 93 NY2d 327, 332 n 2 [1999], quoting *Beam*, 57 NY2d at 253). "[A]lthough evidence of a defendant's prior [attempt to shoot a police officer] always carries the potential for prejudice, [here the court] observed all of the established procedural safeguards before receiving the evidence and defendant had more than adequate prior notice that the evidence would be used against him" (*People v Toland*, 284 AD2d 798, 805 [2001],

*lv denied* 96 NY2d 942 [2001]). Defendant's contention that the court failed to weigh the potential for prejudice against the probative value of the evidence is without merit inasmuch as the record establishes that the court denied the People's request to introduce evidence of defendant's 1994 conviction, thereby limiting the prejudice to defendant (*see generally People v Dupree*, 110 AD2d 777, 778 [1985]).

Finally, in my view the People were entitled to present evidence of the 1998 conviction on their direct case as an element of criminal possession of a weapon in the third degree as charged in the indictment in this case for the additional reason that, when defendant was arraigned on the special information alleging that prior conviction, he denied having previously been convicted of any crime (*see* Penal Law § 265.02 [1]; CPL 200.60 [3] [b]; *see People v Saunders*, 301 AD2d 869, 870-871 n 1 [2003], *lv denied* 100 NY2d 542 [2003]; *see also People v Dugan*, 188 AD2d 927, 928 [1992], *lv denied* 81 NY2d 839 [1993]; *see generally People v Cooper*, 78 NY2d 476, 480-482 [1991]). The court again limited the prejudice to defendant by directing the People to strike any reference to the 1994 conviction from the special information.

I agree with the majority's resolution of the remaining issues raised on appeal and therefore would affirm the judgment. Present—Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.