# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

150

**KA 09-00168**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CONRAD MARSHALL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Dennis M. Kehoe, A.J.), rendered September 11, 2008. The judgment convicted defendant, upon a jury verdict, of attempted aggravated assault upon a police officer or a peace officer and attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted aggravated assault upon a police officer or a peace officer (Penal Law §§ 110.00, 120.11) and attempted assault in the second degree (§§ 110.00, 120.05 [2]). Defendant failed to preserve for our review his contention that the conviction of attempted aggravated assault is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, we conclude that he was not deprived of his right to effective assistance of counsel. Inasmuch as we have concluded that the evidence is legally sufficient to support the conviction of attempted aggravated assault, "there is no merit to [the] contention that [defendant] was denied effective assistance of counsel based on defense counsel's failure to make a specific motion for a trial order of dismissal with respect to that count" (*People v Ali*, 89 AD3d 1417, 1419, *lv denied* 18 NY3d 922).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant failed to preserve for our review his contention that County Court erred in its instruction to the jury with respect to the count of attempted

aggravated assault (*see* CPL 470.05 [2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the court improperly sentenced him as a persistent felony offender because it based the sentence on charges of which defendant was acquitted (*see* CPL 470.05 [2]), and in any event that contention lacks merit.  At sentencing, the court noted that defendant had five prior felony convictions in this state, i.e., two convictions of grand larceny in the fourth degree, two convictions of criminal possession of stolen property in the third degree, and a conviction of grand larceny in the third degree.  The court subsequently noted that defendant's conduct in this "criminal matter has escalated to the point that he not only presented a threat to the possession of property of innocent civilians, but [also] presented a significant and real threat to the lives of Police Officers who were charged with enforcing the law of our society."  We conclude that the court's statement concerning defendant's escalated criminal conduct was proper in light of the court's position that probation and state incarceration had failed to deter defendant from the further criminal conduct at issue on this appeal, and does not reflect that the court based its sentence on charges of which defendant was acquitted (*see* *People v Storelli*, 216 AD2d 891, 891, *lv denied* 86 NY2d 803).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court