Roman, J., dissents, and votes to affirm the judgment, with the following memorandum, in which Rivera, J.R, concurs: While I agree with the majority that the Supreme Court erred in admitting the subject witness’s grand jury testimony and by permitting him to testify that he was threatened prior to trial by a third party at the behest of the defendant’s accomplice, I find that the erroneous admission of this evidence constituted harmless error, as the other evidence of the defendant’s guilt was overwhelming, and there was no reasonable possibility that the errors contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]). Therefore, I respectfully dissent. On February 1, 2013, the defendant and his son, Richie Vargas, assaulted the victim, and the defendant stabbed the victim in the leg, striking an artery and causing his death. At trial, the evidence of the defendant’s guilt included the eyewitness testimony of Willie Dash and Jose Lopez, as well as a surveillance video. Lopez, who had known both the defendant and Richie from the neighborhood for about five or six years, testified that the defendant and Richie approached the victim and started “swinging” at him and “[bleating him up.” During the assault, Lopez observed the defendant reach under his shirt toward his waist. Lopez testified that he ran away because he thought the defendant was reaching for a gun, and that he did not see the defendant’s hands. Following this testimony, the Supreme Court held a Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]), after which it improperly admitted into evidence Lopez’s grand jury testimony that the defendant had a kitchen knife in his hand, which he had removed from under his shirt. However, this additional detail merely corroborated evidence that was before the jury. In this regard, Dash testified that he observed the individual with Richie, who was wearing a blue hoodie with white writing, stabbing the victim with a long kitchen knife. Dash indicated that as Richie punched the victim, who was Dash’s nephew, the individual in the blue hoodie swung at the victim multiple times with the knife, and the victim fell to the ground. Dash observed the victim bleeding from the leg. A surveillance video corroborated the witnesses’ accounts of the crime. The video depicts two individuals, including one wearing a dark hoodie with white markings, charging at an individual, whom Dash identified as the victim while the video was played to the jury during his testimony. The video shows the victim backing away from the two individuals, who begin striking him and then kicking him after he falls to the ground. The individual in the dark hoodie with the white markings then moves his hand forward several times in a stabbing motion toward the victim. The medical evidence established that the cause of death was a stab wound to the victim’s thigh, which had struck the popliteal artery. In my view, the evidence of the defendant’s guilt, without reference to the improperly admitted evidence, was overwhelming, and there was no reasonable possibility that the errors contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d at 237; People v Austin, 13 AD3d 1196, 1196-1197 [2004]; cf. People v Dubarry, 25 NY3d 161, 177 [2015]). Accordingly, I would affirm the judgment.