People v Rivera (2023 NY Slip Op 00499)

People v Rivera

2023 NY Slip Op 00499

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Ind No. 3540/15 Appeal No. 17220 Case No. 2019-1482 

[*1]The People of the State of New York, Respondent,
v
Isais Rivera, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J. at suppression hearing and request for new counsel; Diane Kiesel, J. at jury trial and sentencing), rendered October 17, 2018, as amended December 21, 2018, convicting defendant of predatory sexual assault (seven counts), sexually motivated burglary in the first degree (five counts), robbery in the first degree (three counts), robbery in the second degree (four counts), sexual abuse in the first degree (two counts), strangulation in the second degree, and conspiracy in the second and fourth degrees, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.
After a suitable inquiry, the hearing court providently exercised its discretion in denying defendant's request for new assigned counsel. Defendant's generalized claim of poor communication with counsel did not establish good cause for a substitution (see People v Sides, 75 NY2d 822, 824 [1990]). Counsel's statements to the court generally constituted a permissible defense of his own performance, and did not undermine his client's interests or otherwise reach the level of creating an irreconcilable conflict (see People v Washington, 25 NY3d 1091, 1095 [2015]; People v Nelson, 7 NY3d 883 [2006]; People v Hernandez, 62 AD3d 401, 401 [1st Dept 2009], lv denied 13 NY3d 797 [2009]).
Defendant's motion to suppress a phone that was recovered from his girlfriend's bedroom after his arrest was properly denied. Even assuming that defendant established a reasonable expectation of privacy in this apartment, the girlfriend validly consented to the search under the totality of the circumstances (see People v Gonzalez, 39 NY2d 122, 128-130 [1976]). She agreed to take the police to the apartment and led them to her bedroom, where they found defendant hiding in a closet and arrested him. Shortly thereafter, the girlfriend affirmatively pointed out defendant's phone on a dresser. The voluntariness of her consent was not undermined by the fact that a detective had legitimately warned her that if she was helping a fugitive to avoid apprehension she could be arrested for hindering prosecution (see People v Arriaga, 309 AD2d 544 [1st Dept 2003], lv denied 1 NY3d 624 [2004]). The detective did not threaten to arrest her for merely remaining silent or refusing consent to a search.
The verdict sheet properly distinguished between "two or more counts charging offenses set forth in the same article of the law" (CPL 310.20[2]) by indicating that certain charges were based on the alleged use of a gag, in contrast to other charges based on the alleged use of a noxious chemical, corresponding to the terms used by the court when charging the jury on these counts. Although the allegation was that defendant and his codefendants used a t-shirt to gag one of the victims, the trial court was not required to substitute the word "t-shirt" for "gag" on the verdict sheet, as requested by the defendants. The use of the word "gag" did not provide legal [*2]instruction, and it could not have been interpreted by the jury as resolving the contested issue of whether the t-shirt constituted a dangerous instrument (see People v Lewis, 23 NY3d 179, 187 [2014]; People v Miller, 18 NY3d 704, 706 [2012]). In its oral charge, the court had used the word "gag", and had thoroughly instructed the jury that the People were required to prove beyond a reasonable doubt the gag's status as a dangerous instrument. Defendant's claim about the lack of an instruction regarding the verdict sheet notations is unpreserved and we decline to review it in the interest of justice.
We reject defendant's challenges to the sufficiency and the weight of the evidence supporting certain convictions (see People v Danielson, 9 NY3d 342, 348-349 [2007]) With regard to charges requiring use of a dangerous instrument, the evidence supports an inference that the t-shirt used as a gag was readily capable of causing death by asphyxiation, and also supports an inference that the noxious chemical was readily capable of causing serious physical injury in the particular circumstances in which it was used in the two incidents in question, as explained in the trial court's decision on a postverdict motion (61 Misc 3d 843 [Sup Ct, New York County 2018]). With regard to sex offenses involving an issue of penetration, there is no reason to disturb the jury's credibility determinations.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023