THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY M. MOON, Appellant. [842 NYS2d 831]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered August 16, 2004. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree (four counts), sodomy in the first degree, criminal sexual act in the first degree (seven counts), sexual abuse in the second degree (six counts), sexual abuse in the third degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, four counts of rape in the first degree (Penal Law § 130.35 [1], [4]). Contrary to the contention of defendant, County Court properly issued an order of protection with respect to his son because the victims of the crimes of which defendant was convicted were his son's half sisters and were members of defendant's household (*see generally Matter of Orellana v Escalante*, 228 AD2d 63, 64-65 [1997]). "When[, as here,] a crime has been committed between members of the same family or household, an order of protection may be issued in favor of the victim of such crime and members of the family or household of the victim" (*People v La Motte*, 285 AD2d 814, 816-817 [2001]; *see People v Shampine*, 31 AD3d 1163, 1164-1165 [2006]; *People v Goodband*, 291 AD2d 584, 585 [2002]). Furthermore, the order of protection does not render the sentence unduly harsh or severe (*see People v Victor*, 20 AD3d 927 [2005], *lv denied* 5 NY3d 833, 885 [2005]), nor does it in effect constitute a termination of defendant's parental rights.

Defendant failed to preserve for our review his contention

that the record reflects that the court determined the length of the sentence prior to sentencing, thus depriving defendant of his right to input at the time of sentencing (*see People v Nieves*, 2 NY3d 310, 315-316 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Although defendant's related contention that the court failed to apprehend the extent of its discretion in sentencing him does not require preservation (*see People v Schafer*, 19 AD3d 1133 [2005]; *see also People v Hager*, 213 AD2d 1008 [1995]), we conclude that the record does not support that contention (*see People v Lee*, 24 AD3d 1246 [2005], *lv denied* 6 NY3d 850 [2006]; *cf. Schafer*, 19 AD3d 1133 [2005]). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.