THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. MORRISON, Appellant. [911 NYS2d 541]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered May 29, 2007. The judgment convicted defendant, upon his plea of guilty, of reckless assault of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him, upon his plea of guilty, of reckless assault of a child (Penal Law § 120.02). Defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that the plea was not knowingly, intelligently and voluntarily entered (*see People v Cannon*, 59 AD3d 962 [2009], *lv denied* 12 NY3d 815 [2009]). In any event, we reject that contention. The fact that County Court misinformed defendant of the minimum sentence to which he was exposed "is [a] factor which must be considered by the court, but it is not, in and of itself, dispositive" (*People v Garcia*, 92 NY2d 869, 870 [1998]). Indeed, "[w]hether a plea was knowing, intelligent and voluntary is dependent upon a number of factors[,] 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused' " (*id.*; *see People v Johnson*, 24 AD3d 1259 [2005], *lv denied* 6 NY3d 814 [2006]). We conclude on the record before us that the court's misstatement concerning the minimum possible sentence did not render the plea involuntary. Although defendant failed to preserve for our review his further contention that the court failed to apprehend the extent of its sentencing discretion, such a contention does not require preservation (*see People v Schafer*, 19 AD3d 1133 [2005]). Nevertheless, the record does not support defendant's contention (*see People v Graham*, 42 AD3d 933 [2007], *lv denied* 9 NY3d 876 [2007]; *cf. Schafer*, 19 AD3d 1133 [2005]). Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.