# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

826

KA 11-02124

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARIO PITTMAN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), rendered January 7, 2011. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, attempted murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). We previously reversed the judgment convicting defendant of those crimes and granted a new trial (*People v Pittman*, 49 AD3d 1166), and defendant now appeals from the judgment following the retrial.

We reject defendant's contention that Supreme Court erred in failing sua sponte to order a further competency hearing immediately before trial (*see generally People v Tortorici*, 92 NY2d 757, 765-766, *cert denied* 528 US 834). After the judgment was reversed and before the new trial was conducted, defendant was found to be an incapacitated person within the meaning of CPL article 730, but he was later found to be competent and the matter was scheduled for trial. Shortly before trial, based in part upon defendant's history of decompensating after he voluntarily ceased taking his antipsychotic medication when he was placed in jail, the court directed a new evaluation to determine defendant's capacity to assist in his defense. Of the two psychiatrists who evaluated defendant, one found that he was not an incapacitated person but the other was unable to render a firm opinion due to defendant's refusal to cooperate with the

evaluation process.  At a court appearance shortly before the
scheduled trial date, although both the prosecutor and defense counsel
agreed that it "would be prudent to ask . . . for a hearing" because
the psychiatrists did not agree that defendant was not an
incapacitated person, defendant informed the court that he was
competent and agreed to cooperate with an evaluation by the second
psychiatrist.  After that interview, the second psychiatrist also
found that defendant was not incapacitated, and the court concluded
that a hearing was not necessary due to the agreement among the
psychiatrists.

     "[I]t is perfectly well settled that a trial court is entitled to
give weight to the findings of competency derived from the ordered
examinations" (*People v Ferrer*, 16 AD3d 913, 914, *lv denied* 5 NY3d
788, citing *People v Morgan*, 87 NY2d 878, 880).  Inasmuch as the court
determined that no hearing was necessary based upon the opinions of
both psychiatrists that defendant was not an incapacitated person, and
neither party requested a hearing at that time, there was no need for
a hearing (*see* CPL 730.30 [2]), and the court properly directed that
"the criminal action against the defendant . . . proceed" (*id.*).

     Contrary to defendant's further contention, the court did not err
in denying his challenge for cause to two prospective jurors.
Although those prospective jurors may have initially expressed "a
state of mind that [was] likely to preclude [them] from rendering an
impartial verdict based upon the evidence adduced at the trial" (CPL
270.20 [1] [b]), they ultimately both gave an "unequivocal assurance
that they [could] set aside any bias and render an impartial verdict
based on the evidence" (*People v Johnson*, 94 NY2d 600, 614; *see People
v Brandi E.*, 105 AD3d 1341, 1343; *People v Gladding*, 60 AD3d 1401,
1402, *lv denied* 12 NY3d 925).  Defendant failed to preserve for our
review his contention that the court erred in allowing a sworn juror
to remain on the jury, inasmuch as defendant did not object to the
court's inquiry of that juror or seek to discharge the juror (*see
People v Dennis*, 91 AD3d 1277, 1279, *lv denied* 19 NY3d 995; *People v
Rufus*, 56 AD3d 1175, 1176, *lv denied* 11 NY3d 930).  In any event, the
court properly concluded that the juror was not "grossly unqualified
to serve in the case" (CPL 270.35 [1]; *see People v Wolff*, 103 AD3d
1264, 1266, *lv denied* 21 NY3d 948; *People v Telehany*, 302 AD2d 927,
928).

     Next, as defendant correctly concedes, he failed to preserve for
our review his contention that the conviction is not supported by
legally sufficient evidence, because his motion for a trial order of
dismissal was not specifically directed at the issues raised on appeal
(*see People v Gray*, 86 NY2d 10, 19).  In any event, we conclude that
the evidence is legally sufficient to support the conviction with
respect to all of the charges (*see generally People v Bleakley*, 69
NY2d 490, 495).  In addition, viewing the evidence in light of the
elements of the crimes as charged to the jury (*see People v Danielson*,
9 NY3d 342, 349), we conclude that the verdict is not against the
weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

     Contrary to defendant's further contention, the court did not err

in admitting in evidence the testimony of a witness that defendant fired a weapon at the witness at the start of the incident from which these charges arose.  Defendant objected to the witness' testimony on the ground that it was not relevant to the charges remaining in the indictment because he was acquitted in the first trial of attempting to murder that witness, and that any probative value of the evidence was outweighed by its prejudicial effect.  We reject that contention.  The Court of Appeals has "reaffirmed the well-established rules that evidence is relevant if it has any tendency in reason to prove any material fact and that all relevant evidence is admissible at trial unless admission violates some exclusionary rule" (*People v Alvino*, 71 NY2d 233, 241 [internal quotation marks omitted]).  Thus, "where evidence of a prior uncharged crime contains more probative value than risk of prejudice to the defendant, the evidence is admissible" (*People v Chase*, 85 NY2d 493, 502).  Here, the court properly determined that the evidence was highly probative on the issues of defendant's possession of a loaded weapon and his intent to use it unlawfully against another, i.e., elements of crimes charged in the indictment at the retrial, and that its probative value outweighed its potential for prejudice (*see Alvino*, 71 NY2d at 241; *People v Stubinger*, 87 AD3d 1316, 1316-1317, *lv denied* 18 NY3d 862; *see generally People v Delarosa*, 84 AD3d 832, 833-834, *lv denied* 17 NY3d 815).

We reject the further contention of defendant that his statutory right to be present during a material stage of the trial was violated (*see generally* CPL 310.30).  Contrary to defendant's contention, "[t]he absence of a notation in the record indicating that defendant was present is not sufficient to demonstrate that he was not present" (*People v Martin*, 26 AD3d 847, 848, *affd sub nom. People v Kissoon*, 8 NY3d 129; *see People v Foster*, 1 NY3d 44, 48).  Based upon the record before us, we conclude that defendant "failed to come forward with substantial evidence to rebut the presumption of regularity that attaches to all criminal proceedings" (*People v Andrew*, 1 NY3d 546, 547).

Contrary to defendant's additional contention, he was not deprived of a fair trial by the admission of evidence of prior uncharged criminal conduct, which was contained in his statement to the police.  Although evidence of a defendant's past uncharged criminal behavior is not admissible to show defendant's general predisposition to criminal conduct (*see People v Molineux*, 168 NY 264, 291-293), the evidence of defendant's prior criminal conduct was properly admitted because it was relevant to a material aspect of the People's direct case (*see id.* at 293-294).  Furthermore, defendant cannot claim any surprise with respect to the evidence inasmuch as it was included in the People's CPL 710.30 notice and was introduced at the first trial on these charges (*cf. People v Matthews*, 68 NY2d 118, 122-123).

Defendant failed to preserve for our review his additional contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849) and, in any event, that contention is without

merit.  The majority of the prosecutor's comments on summation to which defendant objects on appeal were within the " 'broad bounds of rhetorical comment permissible in closing argument' " (*People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854, quoting *People v Galloway*, 54 NY2d 396, 399), and any comments that were arguably improper were not so egregious as to deprive defendant of a fair trial (*see People v Lopez*, 96 AD3d 1621, 1622, *lv denied* 19 NY3d 998; *People v Rivera*, 281 AD2d 927, 928, *lv denied* 96 NY2d 906; *People v Walker*, 234 AD2d 962, 963, *lv denied* 89 NY2d 1042).  We have considered defendant's remaining contentions regarding alleged prosecutorial misconduct and conclude that they are without merit.

Defendant's contention that the court failed to apprehend or exercise its discretion when sentencing him is not supported by the record (*see People v McCray*, 78 AD3d 1595, 1595; *People v Moon*, 43 AD3d 1379, 1380, *lv denied* 9 NY3d 1036; *cf. People v Schafer*, 19 AD3d 1133, 1133).  Finally, the sentence is not unduly harsh or severe.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court