# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

393
KA 13-00487
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V
MEMORANDUM AND ORDER

LINCOLN C. ABLACK, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 2, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon a plea of guilty of, inter alia, assault in the first degree (§ 120.10 [4]). We note at the outset that the certificate of conviction in appeal No. 2 contains a clerical error, i.e., it incorrectly recites that defendant was convicted of assault in the second degree, and it must therefore be amended to reflect that he was convicted of assault in the first degree (*see People v Saxton*, 32 AD3d 1286, 1286-1287).

Defendant contends in each appeal that his respective pleas were involuntary because he was misinformed with respect to his maximum sentencing exposure. Defendant's contention that his pleas were involuntary survives his waiver of the right to appeal (*see People v Halsey*, 108 AD3d 1123, 1124). By failing to move to withdraw the respective pleas or to vacate the respective judgments of conviction on that ground, however, defendant failed to preserve his contention for our review (*see People v Morrison*, 78 AD3d 1615, 1616, *lv denied* 16 NY3d 834). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*

CPL 470.15 [3] [c]).

Entered:  March 20, 2015                    Frances E. Cafarell
                                           Clerk of the Court