People v Racona (2024 NY Slip Op 02646)

People v Racona

2024 NY Slip Op 02646

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

354 KA 22-01836

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMILLE RACONA, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 23, 2022. The judgment convicted defendant upon her plea of guilty of criminal possession of stolen property in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of stolen property in the third degree (Penal Law § 165.50). We affirm.
Defendant contends that her plea was involuntary because her factual allocution cast doubt on her guilt and because her plea was induced by an unfulfilled promise that she be permitted to participate in a drug treatment court program. However, "[b]y failing to move to withdraw the . . . plea[ ] or to vacate the . . . judgment[ ] of conviction" on the grounds asserted, defendant "failed to preserve [her] contention for our review" (People v Ablack, 126 AD3d 1410, 1411 [4th Dept 2015], lv denied 25 NY3d 1197 [2015]; see People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]). We conclude that this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). Contrary to defendant's contention, nothing in the plea colloquy "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," and County Court therefore had no duty to conduct further inquiry with respect to the plea (id.).
We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court