People v Barnes (2025 NY Slip Op 02694)

People v Barnes

2025 NY Slip Op 02694

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

324 KA 23-00980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REGINALD BARNES, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (MORGAN NAMIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Niagara County Court (John James Ottaviano, J.), rendered May 18, 2023. The judgment convicted defendant upon his plea of guilty of attempted aggravated assault upon a police officer or a peace officer. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and as modified the judgment is affirmed and the matter is remitted to Niagara County Court for resentencing.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted aggravated assault upon a police officer (Penal Law §§ 110.00, 120.11), defendant contends that his plea was involuntary because he was misinformed of his maximum sentencing exposure. Although that contention would survive even a valid waiver of the right to appeal (see People v Morse, 233 AD3d 1470, 1470 [4th Dept 2024]), by "fail[ing] to move to withdraw his guilty plea or to vacate the judgment of conviction," defendant "failed to preserve for our review his contention that the plea was not knowingly, intelligently and voluntarily entered" (People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]; see People v Santos, 230 AD3d 1586, 1586 [4th Dept 2024], lv denied 43 NY3d 932 [2025]; see also People v Ablack, 126 AD3d 1410, 1411 [4th Dept 2015], lv denied 25 NY3d 1197 [2015]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Defendant's challenge to the voluntariness of his admission to a violation of probation with respect to a separate conviction is not properly before us because defendant did not appeal from the resentence imposed upon that violation of probation (see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]; People v Kuras, 49 AD3d 1196, 1197 [4th Dept 2008], lv denied 10 NY3d 866 [2008]; cf. People v Dexter, 71 AD3d 1504, 1504 [4th Dept 2010], lv denied 14 NY3d 887 [2010]).
Defendant correctly notes that the 16-year determinate sentence of imprisonment imposed by County Court is illegal. Had defendant been sentenced as a first-time violent felony offender, the court could have imposed a determinate sentence between 7 and 20 years of imprisonment for the conviction of attempted aggravated assault upon a police officer (see Penal Law § 70.02 [3] [b] [ii]). As a second violent felony offender convicted of a class C violent felony, however, defendant faced a determinate sentence of between 7 and 15 years (§ 70.04 [3] [b]). Thus, although seemingly a statutory anomaly resulting from a drafting error (see William C. Donnino, Prac Commentaries, McKinney's Cons Laws of NY, Penal Law § 60.00; see generally People v Talluto, 39 NY3d 306, 315 [2022]), the 16-year sentence is illegal because it exceeds the maximum sentence permitted by the unambiguous statutory text based on defendant's predicate felony offender status. "Although [that] issue was not raised before the [sentencing] court . . . , we cannot allow an [illegal] sentence to stand" (People v Hughes, 112 AD3d 1380, 1381 [4th Dept 2013], lv denied 23 NY3d 1038 [2014] [internal quotation marks omitted]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for [*2]resentencing (see generally People v Simpson, 231 AD3d 1525, 1528 [4th Dept 2024]; People v Cruz-Ocasio, 208 AD3d 1059, 1060 [4th Dept 2022]; People v Bussom, 125 AD3d 1331, 1332 [4th Dept 2015]). In light of our determination, defendant's remaining contentions are academic.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court